STATE, EX REL. GEORGE R. DICKINSON PAPER COMPANY, V. CUNNINGHAM R. SCOTT, JUDGE.

FILED APRIL 4, 1900. No. 11,136.

1. **Receiver:** ORDER TO SELL ASSETS. An order directing a receiver of an insolvent firm to sell assets other than real estate may not be superseded as a matter of right.

2. **Supersedeas:** DISCRETION: MANDAMUS. Mandamus will not lie to control the discretion of a court as to the allowance of a supersedeas resting in its discretion.

APPLICATION for mandamus to compel respondent to fix amount of supersedeas bond. *Writ denied.*

*Holmes & Morgan* and *H. S. Crane*, for relator.

*A. N. Ferguson, contra.*

NORVAL, J.

On August 10, 1893, the partnership or firm of Ackerman Bros. & Heintze was doing business in the city of Omaha, and on said day a suit was instituted in the district court of Douglas county by E. C. Ackerman and A. M. Heintze, two of the partners, against G. A. Ackerman, the other member of the firm, for an accounting and winding up of the business of the partnership. Thereafter John H. F. Lehman was appointed by the court re-

ceiver to take charge of the property and assets of the firm and collect the debts due it, and hold the same sub-ject to the order of the court. The Carpenter Paper Company and the George R. Dickinson Paper Company, cred-itors of the firm of Ackerman Bros. & Heintze, attached a portion of the personal property of the latter and sub-sequently each attaching creditor obtained a judgment against said firm for the amount of its debts and an order of sale of the attached property. The above named creditors intervened in the said suit of *Ackerman v. Ackerman*, and thereafter a decree was entered therein which directed the receiver to sell the assets belonging to said firm on May 29, 1894. The sale did not take place until June 18, 1894, which sale was confirmed by the court, and the above named interveners prosecuted an appeal to this court which resulted in a judgment of reversal being en-tered at the September term, 1896. *Ackerman v. Ackerman*, 50 Nebr., 54. By that decision the sale of the assets by the receiver was held invalid on the ground that the sale occurred on a date other than that fixed by the decree. Subsequently on December 2, 1899, the district court en-tered of record an order *nunc pro tunc* in said cause as of and before June 18, 1895, the date of the receiver's sale, and after May 29, 1894, which authorized and directed the receiver to sell the assets of Ackerman Bros. & Heintze, on June 18, 1894. The George R. Dickinson Paper Com-pany excepted to said order, and moved the court to fix the amount of the supersedeas bond for an appeal, which motion was denied. This is an application for a per-emptory mandamus to compel the respondent, the then presiding judge, to fix the amount of a supersedeas bond.

The provisions relative to supersedeas on appeals in equity causes are contained in section 677 of the Code of Civil Procedure, which reads as follows:

"Sec. 677. No appeal in any case in equity, now pend-ing and undetermined, which shall hereafter be brought shall operate as a supersedeas, unless the appellant, or appellants, shall within twenty days next after the rendi-

tion of such judgment, or decree, or the making of such final order, execute to the adverse party a bond with one or more sureties as follows: *First*—When the judgment, decree, or final order appealed from, directs the payment of money, the bond shall be in double the amount of the judgment, decree, or final order, conditioned that the appellant, or appellants, will prosecute such appeal without delay, and pay all condemnation money and costs which may be found against him, or them, on the final determination of the cause in the supreme court. *Second*—When the judgment, decree, or final order directs the execution of a conveyance or other instrument, the bond shall be in such sum as shall be prescribed by the district court, or judge thereof in vacation, conditioned that the appellant, or appellants, will prosecute such appeal without delay; and will abide and perform the judgment or decree rendered, or final order which shall be made by the supreme court in the cause. *Third*—When the judgment, decree, or order directs the sale or delivery of possession of real estate, the bond shall be in such sum as the court, or judge thereof in vacation, shall prescribe, conditioned that the appellant, or appellants, will prosecute such appeal without delay, and will not during the pendency of such appeal commit, or suffer to be committed, any waste upon such real estate. *Fourth*—When the judgment, decree, or final order dissolves or modifies an order of injunction, which has been, or hereafter may be granted, the supersedeas bond shall be in such reasonable sum as the court, or judge thereof in vacation, shall prescribe, conditioned that the appellant or appellants will prosecute such appeal without delay, and will pay all costs which may be found against him, or them, on the final determination of the cause in the supreme court; and such supersedeas bond shall stay the doing of the act or acts, sought to be restrained by the suit, and continue such injunction in force, until the case is heard and finally determined in the supreme court. The undertaking given upon the allowance of the injunction shall be

and remain in effect, until it is finally decided whether or not the injunction ought to have been granted."

The order of the district court which relators desired to supersede does not direct the payment of money, nor the execution of a conveyance or other instrument, nor does it dissolve or modify an order of injunction, hence can not be superseded under subdivisions one, two and four of said section 677. This is plain. The third subdivision of the section provides for the giving of a supersedeas bond when the judgment, decree or order directs the sale or delivery of possession of real estate. It is perfectly clear that relator can not invoke the provisions of said subdivision, inasmuch as it does not appear that the order in question either directs the sale or delivery of possession of real property to any one. The conclusion is therefore irresistible that the statute does not give the relator the absolute right to a supersedeas. *State v. Fawcett*, 58 Nebr., 371, cited by relator, is not in point here, since in that case the order sought to be superseded directed the sale of real estate, and came within the express terms of the third subdivision of section 677 quoted above.

In *State v. Fawcett*, *supra*, it was held that mandamus will not lie to control the discretion of a court as to allowance of a supersedeas resting in its discretion. The record fails to disclose any abuse of discretion by the respondent in refusing a supersedeas, and the writ is denied.

WRIT DENIED.